UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x   CV-03-1331
                                        (FJS/RFT)
JEAN M. SKIFF, on behalf of herself
and all others similarly situated,

        Plaintiff               **AMENDED
                                             CLASS ACTION
                                             COMPLAINT AND DEMAND
                                             FOR JURY TRIAL**

       -against-

PRESSLER AND PRESSLER AND SHELDON H.
PRESSLER,

        Defendants
------------------------------------x

## I. Preliminary Statement

1. Plaintiff Jean M. Skiff, on her own behalf and on behalf of the class she seeks to represent, brings this action for illegal practices of Pressler and Pressler and Sheldon H. Pressler who used false, deceptive, misleading and unfair practices in conjunction with an attempt to collect an alleged debt. Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et. seq. (FDCPA). Plaintiff seeks a judgment, pursuant to 28 U.S.C. sec. 2201 and 2202, declaring that the Defendants have violated the FDCPA. Plaintiff requests injunctive relief herein and asks the Court herein to enjoin the Defendants from sending to consumers the letter attached hereto as Exhibit "A".

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. Sec. 1331. Venue in this District is appropriate because pertinent events took place here.

### III.  Parties

3. Plaintiff, Jean M. Skiff, is a natural person residing in Lake Placid, New York.

4. Defendant Pressler and Pressler ("Defendant P&P") is a law firm consisting of numerous duly admitted attorneys at law and numerous non-attorney persons employed therein. The Defendant P&P maintains a principal place of business located at 16 Wing Drive, Cedar Knolls, New Jersey. The Defendant P&P is engaged in the business of collecting debts. The Defendant P&P collects debts incurred, and alleged to be incurred, for personal, family or household purposes.

5. The Defendant Sheldon J. Pressler ("Defendant S.H.P.") is a natural person residing, upon information and belief, in the state of New Jersey and is a duly admitted attorney at law. The Defendant S.H.P is engaged in the business of collecting debts. The Defendant S.H.P. collects debts incurred, and alleged to be incurred, for personal, family or household purposes. The Defendant S.H.P. controls the debt collection policies and practice used by the Defendant P&P.

### IV. Facts Relating To Named Plaintiff

6. That the Plaintiff incurred a debt to Discover Financial Services which was allegedly purchased by an entity doing business

business as New Century Financial Services, Inc.

7. That said alleged obligation is a "debt" as defined in the FDCPA.

8. That in the attempt to collect said debt the Defendants sent a communication dated 05/21/03 to the Plaintiff. A copy of said communication is attached hereto as Exhibit "A".

9. That said letter sets forth (in part) "This is to notify you that your delinquent Account # 6011002845535020 which was previously owed to DISCOVER FINANCIAL SERVICES has been purchased by New Century Financial Services, Inc. and has been referred to the Law Firm Pressler and Pressler for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you. Make your check or money order payable to DISCOVER FINANCIAL SERVICES and include your file number S100863A and remit to Pressler and Pressler 16 Wing Drive, Cedar Knolls, NJ 07927".

10. That the reference to "immediate collection" and the demand to pay the debt "immediately" in order to "avoid further action against you" contradicts and overshadows the 30 day debt verification/dispute rights as set forth in the FDCPA in that the letter threatens the commencement of immediate legal action if the debt is not paid as demanded.

11. That the demand for immediate payment creates a false sense of urgency and a threat of unintended legal action in that no immediate legal action was commenced against the Plaintiff.

12. That the letter fails to identify the true creditor as required by the FDCPA in that the letter demands payment to Discover Financial Services despite the statement that the debt is no longer owed to Discover Financial Services and had been purchased by New Century Financial Services, Inc.

## IV. Policies and Practices Complained Of

13. It is the policy and practice of the Defendants to send collection communications to residents of New York, Vermont and Connecticut which contain statements and representations which are false, deceptive and misleading.

14. It is the policy and practice of the Defendants to use unfair means when sending collection communications to residents of New York, Vermont and Connecticut.

15. It is the policy and practice of the Defendants to send collection communications to residents New York, Vermont and Connecticut which contain statements which contradict and overshadow the 30 day debt verification/dispute rights accorded to consumers by the FDCPA.

## VI. Class Allegations

16. This action is brought on behalf of the following classes:

A) a class consisting of all persons with addresses in the States of New York, Connecticut and Vermont to whom a collection communication was sent by the Defendant P&P in the form of Exhibit A attached hereto in the attempt to collect a debt other than a debt originally owed to Discover Financial Service which was allegedly purchased by New Century Financial Services, Inc.

B) a class consisting of all persons with addresses in the States of New York, Connecticut and Vermont to whom a collection communication was sent by the Defendant P&P in the form of Exhibit A attached hereto in the attempt to collect a debt originally owed to Discover Financial Service which was allegedly purchased by New Century Financial Services, Inc.

17. The class period is one year prior to the filing of the complaint in this action through the present.

18. Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impractical.

19. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant violated the FDCPA by causing collection communications

to be sent to residents of New York, Vermont and Connecticut which:

a) contain false, deceptive and misleading statements and representations;

b) contain statements which are unfair to consumers.

c) contains statements which contradict and overshadow the 30 day debt verification/dispute rights accorded to consumers by the FDCPA.

20. The Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

21. The Plaintiff will fairly and adequately protect the interests of the classes defined herein. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue their action.

22. Certification of a class under Fed. R. Civ. P. 23(b)(2) is appropriate in that the Defendants have acted on grounds generally applicable to the classes defined herein.

### V. Class Claims for Relief

23. The Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. The Defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The Defendants violated 15 U.S.C. sec. 1692f by using unfair practices in an attempt to collect alleged debts.

c. The Defendants violated 15 U.S.C. sec. 1692g(2) by failing to set forth the true name of the creditor to whom a debt is owed.

d. The Defendants violated 15 U.S.C. sec. 1692g by failing to effectively convey the 30 day debt verification/dispute rights set forth therein.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the class for:

A. Certification of the classes pursuant to Rule 23(b)(2).

B. Statutory damages for the Plaintiff pursuant to 15 U.S.C.A. sec. 1692k.

C. Statutory damages for the class pursuant to 15 U.S.C. sec. 1692k.

D. A judgment, pursuant to 28 U.S.C. sec. 2201 and 2202, declaring that the Defendants have violated the FDCPA based upon the letter attached hereto as Exhibit "A".

E. An injunction enjoining the Defendants from sending to

consumers the letter attached hereto as Exhibit "A".

F. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

G. Such other and further relief as may be just and proper.

Dated: New York, New York
       November 12, 2003

                                    ROBERT L. ARLEO, ESQ.
                                    (RA 7506)
                                    Attorney for the Plaintiff
                                    225 East 79th Street, 2B
                                    New York, New York 10021
                                    (212) 517-9967

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff

**EXHIBIT A**

**PRESSLER AND PRESSLER**
COUNSELLORS AT LAW
16 Wing Drive
Cedar Knolls, N.J. 07927
Off: (973) 753-5100
Fax: (973) 753-5353

MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER

GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.

WILLIAM J. JEFFERY
HENRY J.M. KERDESKY
MATTHEW H. RUDD
MITCHELL L. WILLIAMSON
CARL M. BORNMANN
LEONARD H. FRANCO, JR.
PETER C. HUMBLIAS
MARY-JANE OLTARZEWSKI

JEAN M SKIFF

PO BOX 226
LAKE PLACID, NY 129460226

05/21/03
Balance Due : $3685.63
P&P FILE S100863A

IMPORTANT NOTIFICATION

Dear STEVEN D SKIFF SR

This is to notify you that your delinquent Account # 6011002845535020 which was previously owed to DISCOVER FINANCIAL SERVICES has been purchased by New Century Financial Services, Inc. and has been referred to the Law Firm of Pressler and Pressler for immediate collection.

We shall afford you the opportunity to pay this bill immediately and avoid further action against you. Make your check or money order payable to DISCOVER FINANCIAL SERVICES and include your file number S100863A and remit to:

Pressler and Pressler
16 Wing Drive
Cedar Knolls, NJ 07927

If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us.

PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.